David R. Shyer
Corporate Litigation
125 Broad Street, Floor 7
New York, NY 10004
(212) 440-2746 – *Direct Dial*
David.Shyer@cna.com

October 3, 2024

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re: **National Fire Insurance Company of Hartford v.
The Cincinnati Insurance Company; Case No. 1:24-cv-04257-KPF**

Dear Judge Failla,

I represent plaintiff National Fire Insurance Company of Hartford ("National Fire") in the above-referenced matter. I submit this letter jointly with counsel for defendant The Cincinnati Insurance Company ("Cincinnati"), pursuant to the Notice of Initial Pretrial Conference dated June 14, 2024 (ECF No. 6), and Rule 3.B. of your Honor's Individual Rules of Practice in Civil Cases, in advance of the Initial Pretrial Conference scheduled for October 9, 2024 (the "Conference").

As the parties agree on a schedule that calls for the close of discovery within six months, and have no other issues to raise with the Court, we respectfully request that the initial pretrial conference be cancelled.

**A.   Nature of the Action**

In this action, National Fire seeks a declaratory judgment that Cincinnati is obligated to defend LPCiminelli, Inc. ("LPC") as an additional insured, under a Commercial General Liability ("CGL") policy issued by Cincinnati to I.C. Construction Services, Inc. ("ICCS"), for the underlying lawsuit entitled <u>Matthew T. Mariacher and Louis Mariacher v. LPCiminelli, Inc., LPCiminelli Construction Corp., and I.C. Construction Services</u>, Index No. 814285/2018, commenced in the Supreme Court of the State of New York, County of Erie (the "Underlying Action"). In the Underlying Action, Matthew Mariacher ("Mariacher") seeks to recover damages for bodily injuries he allegedly sustained on September 22, 2017, at Public School No. 53, Roeher Avenue, Buffalo, New York (the "Premises"), when he tripped and fell off the edge of the sidewalk due to a sudden drop resulting from the lack of soil or fill.

On appeal in the Underlying Action, the Appellate Division, Fourth Department dismissed Mariacher's Complaint as to LPC, and granted LPC summary judgment on its cross-claim for contractual indemnification against ICCS (the "Appellate Orders"). In the Appellate Orders, the Fourth Department held, in part, that LPC "established as a matter of law that it was not negligent and that plaintiff's injuries arose out of [ICCS]'s work."

Hon. Katherine Polk Failla, U.S.D.J.
October 3, 2024
Page 2

In 2011, LPC was retained as construction manager for a project to construct a school at the Premises. By written Subcontract dated August 9, 2011, LPC retained ICCS as general contractor for the Project. National Fire contends that pursuant to the Subcontract, ICCS was required to maintain CGL insurance coverage, covering LPC as an additional insured on a primary, noncontributory basis, for both ongoing and completed operations.

Cincinnati issued a CGL policy to ICCS (the "Cincinnati Policy"), and National Fire issued a CGL policy to LPC (the "National Fire Policy"), both of which were in effect on the date of the Accident. National Fire asserts that LPC is an additional insured under the Cincinnati Policy pursuant to an endorsement that provides coverage to LPC for liability arising out of ICCS's work for LPC. National Fire contends that Cincinnati's duty to defend LPC was triggered by the allegations of the Complaint in the Underlying Action because Mariacher alleges that the Accident was caused by ICCS's negligence in creating the dangerous condition that resulted in the Accident by failing to properly level the sidewalk, and failing to fix or warn of this condition. National Fire contends that Cincinnati's duty to indemnify LPC was triggered by the Appellate Orders, as quoted above. National Fire further asserts that, pursuant to the clear language of their respective policies, Cincinnati's coverage for LPC applies on a primary, noncontributory basis, and National Fire's coverage for LPC is excess.

National Fire maintains that Cincinnati has wrongfully failed to accept its obligations to LPC under the Cincinnati Policy.

National Fire defended LPC in the Underlying Action, and asserts that it is entitled to recover its post-tender defense costs incurred on behalf of LPC from Cincinnati. National Fire incurred the total sum of $151,610.28 in the defense of LPC, and contends that it is entitled to recover this amount plus interest. As of September 26, 2024, the total amount of these defense costs and disbursements, plus interest, is $192,844.12, and interest continues to accrue.

National Fire contends that the major issues most important to resolving the case are (i) whether Cincinnati owed a duty to defend LPC; (ii) if so, when that duty commenced; and (iii) whether Cincinnati owes a duty to indemnify LPC. National Fire believes these issues can be determined by dispositive motion.

Cincinnati contends it has meritorious defenses to the action of National Fire and is entitled to discovery on the documentation National Fire relies upon for its claims. This includes discovery on the Subcontract at issue, as well as the damages sought. Further, should Cincinnati be liable for any damages, it maintains that National Fire is not entitled to the amounts it seeks as they are unreasonable and include amounts not reimbursable in this action under New York law.

**B.**     **Jurisdiction and Venue**

Jurisdiction lies in this Court based on diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(1). National Fire is a corporation organized under Illinois law with its principal place of

Hon. Katherine Polk Failla, U.S.D.J.
October 3, 2024
Page 3

business in Illinois.  Cincinnati is corporation organized under Ohio law with its principal place of business in Ohio.  Both parties are insurance companies authorized to conduct business in the State of New York.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(d), as both parties' contacts are sufficient to subject them to personal jurisdiction in this District.

**C.**     **Deadlines and Motions**

There are no existing deadlines, due dates, or cut-off dates in this action.  There also are no outstanding motions.

**D.**     **Discovery and Settlement Discussions**

The parties have partaken in informal discovery.  Specifically, we have exchanged policies, and National Fire has provided Cincinnati's counsel (for attorney's eyes only) with copies of its defense cost and disbursement invoices with purported proof of payment.  Both parties have access to the electronic filings from the Underlying Action and the appeals that resulted in the Appellate Orders, but full disclosure of all relevant discovery in the Underlying Action may need to be obtained from counsel in the Underlying Action and/or exchanged by the parties herein. Further, Cincinnati may seek depositions concerning the contract at issue, as well as a damages deposition.

The parties have engaged in settlement discussions.  Negotiations have taken place to date in good faith, and the parties have moved closer to resolving this matter in its entirety.  National Fire will provide redacted versions of the documents identified as "attorney's eyes only" for examination by Cincinnati, with its counsel.  National Fire can provide these redacted documents no later than November 1, and  the parties would like a settlement conference to be scheduled 60-90 days afterwards.

As noted above, given the proposed discovery schedule and because the parties have no other issues to raise with the Court, we respectfully request that the initial pretrial conference be cancelled.  We thank the Court in advance for its attention and consideration.

Respectfully Submitted,

|  |  |
|---|---|
| _/s/ David R. Shyer_ | _/s/ Laurie A. Vahey_ |
| David R. Shyer | Laurie A. Vahey |
| CNA | Vahey Law Offices, PLLC |
| Corporate Litigation | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | *Cincinnati Insurance Company* |
| *National Fire Insurance Company of Hartford* | |

Application GRANTED. In light of the parties' representations, the initial pretrial conference currently scheduled for October 9, 2024, is hereby adjourned *sine die*. The Court understands that the parties would like to schedule a settlement conference with a Magistrate Judge 60-90 days after initial discovery. If the parties so desire, the Court will refer the parties to a Magistrate Judge for settlement on or before January 2, 2025.

The Court has endorsed the parties' proposed case management plan under separate cover.

Dated:   October 3, 2024            SO ORDERED.
         New York, New York

                                    *Katherine Polk Failla*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE